UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
VINCENT YEMMA,                          :
                                         :   CASE NO.:
       Plaintiff,                    :
                                         :
vs.                                      :   Judge:
                                         :
                                         :
MAZANT HOLDINGS, LLC,                    :   Magistrate:
SEBASTIAN TONKIN, and                    :
JEFFREY AGUERO,                          :
                                         :
       Defendants.                   :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, VINCENT YEMMA, by and through his undersigned counsel, hereby files this Complaint and sues MAZANT HOLDINGS, LLC, SEBASTIAN TONKIN, and JEFFREY AGUERO (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, VINCENT YEMMA, (hereinafter referred to as "MR. YEMMA"), is a person of the age of majority and a citizen of the State of Florida.

5. MR. YEMMA resides in New Smyrna Beach, Florida.

6. MR. YEMMA is a qualified individual with a disability under the ADA and the LCHR because he has multiple sclerosis.

7. Due to his disability, MR. YEMMA is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, MAZANT HOLDINGS, LLC is a domestic limited liability company organized in the State of Louisiana and doing business in Orleans Parish.

9. Upon information and belief, MAZANT HOLDINGS, LLC is domiciled at 906 Mazant Street, New Orleans, Louisiana 70117.

10. Upon information and belief, SEBASTIAN TONKIN is a person of the age of majority and a citizen of the state of Louisiana.

11. Upon information and belief, JEFFREY AGUERO is a person of the age of majority and a citizen of the state of Louisiana.

12. Upon information and belief, MR. TONKIN and MR. AGUERO are the owners and/or lessors the real properties and improvements which is the subject of this action, to wit: The Mazant, 906 Mazant Street, New Orleans, Louisiana 70117 (hereinafter referred to as "the Property").

13. Upon information and belief, MAZANT HOLDINGS, LLC is the operator and/or lessee of the Property.

14. Upon information and belief, the Property is a bed and breakfast and events venue.

15. Upon information and belief, the Property underwent extensive renovations over the past several years.

16. MR. YEMMA visited the Property on November 5, 2022 to attend his son's wedding.

17. DEFENDANTS are obligated to comply with the ADA and the LCHR.

18. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

19. MR. YEMMA realleges and reavers Paragraphs 1 - 18 as if they were expressly restated herein.

20. The Property is a place of public accommodation, subject to the ADA, generally located at: 906 Mazant Street, New Orleans, Louisiana 70117.

21. Upon information and belief, MR. YEMMA has visited the Property and desires to visit the Property again in the future.

22. Upon information and belief, MR. YEMMA'S most recent visit to the Property prior to filing this original Complaint was in November of 2022.

23. MR. YEMMA'S son, Joseph Yemma, hosted his wedding at the Property on November 5, 2022.

24. In addition to hosting the wedding, the Property is also a bed and breakfast with eight

bedrooms. Part of the wedding package included Joseph Yemma's use of the property from Thursday to Sunday, where up to 18 guests could stay at the property.

25. Joseph Yemma toured the Property in February 2022 and noticed that there were steps up to the front entrance and no accessible entrance to the Property.

26. Joseph Yemma spoke with the Property's onsite manager, Kevin, and asked about whether DEFENDANTS had a ramp DEFENDANTS could install so that MR. YEMMA could enter the Property for his son's wedding. Mr. Yemma was informed that the Property did not have a ramp DEFENDANTS could install and Kevin suggested using an outside vendor to come install a ramp for the wedding weekend.

27. At first Kevin was resistant to the installation of a ramp at the property. Kevin insisted that the ramp could only be installed long enough for MR. YEMMA to enter the Property, at which point it would have to be promptly removed. Joseph Yemma left the Property frustrated with the manager's refusal to allow the ramp to remain for the duration of the wedding weekend.

28. Following the February 2022 tour of the Property, Kevin called Joseph Yemma and finally agreed that Joseph Yemma could have the ramp installed at the entrance of the Property for the wedding weekend. However, Kevin would not provide the ramp. Joseph Yemma was then forced to rent a ramp for his own father to attend his own wedding for the cost of one thousand ($1,000) dollars. Joseph Yemma was instructed that the ramp could only be in place from 2:00 p.m. that Thursday until 11:00 a.m. the Sunday following the wedding, at which point it would have to be promptly removed.

29. The wedding weekend arrived and MR. YEMMA traveled to New Orleans to attend his

son's wedding.

30. MR. YEMMA was able to access the Property through the temporary ramp installed at the front entrance. However, upon entry into the Property, he determined that there were no accessible bathrooms on the first floor.

31. Without an accessible bathroom, MR. YEMMA was forced to relieve himself in a water bottle while sitting in his car outside of his own son's wedding. MR. YEMMA was upset and humiliated that he was unable to use the bathroom at his own son's wedding.

32. MR. YEMMA anticipates traveling to New Orleans in the near future to visit his son who lives in close proximity to the Property. The Property can be rented out as a bed and breakfast and MR. YEMMA would like to stay at the Property as a guest during his visits to New Orleans in the future or attend future events at the Property/

33. MR. YEMMA continues to desire to visit the Property but will continue to experience serious difficulty due to the steps up into the Property and lack of accessible bathroom, which is still the case.

34. MR. YEMMA plans on returning to the Property to stay as a guest when visiting his son.

35. MR. YEMMA intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

36. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. YEMMA due to, but not limited to, the following violations which exist at the Property:

    I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    There are steps up to the Property's entrance which precludes a wheelchair from gaining entry;

    B.    There are no accessible bathrooms at the Property;

    C.    There is no accessible route in the Property's yard where outdoor wedding ceremonies are held; and

    D.    Other mobility-related ADA barriers to be identified following a complete inspection.

37. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

38. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

39. Upon information and belief, removal of the barriers to access located on the Property would provide MR. YEMMA with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

40. Independent of his intent to return as a patron to the Property, MR. YEMMA additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

41. MR. YEMMA has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MR. YEMMA is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

42. MR. YEMMA repeats and realleges all preceding paragraphs in support of this claim.

43. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

44. At all times relevant to this action, MR. YEMMA has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

45. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

46. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

47. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

48. DEFENDANTS discriminated against MR. YEMMA, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 37 of this Complaint.

49. MR. YEMMA deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

50. MR. YEMMA is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

**PRAYER FOR RELIEF**

WHEREFORE, MR. YEMMA demands judgment against DEFENDANTS, and requests the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned, by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. YEMMA pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. YEMMA pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EMILY A. WESTERMEIER (LA # 36294)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
        gdereus@bizerlaw.com
        ewest@bizerlaw.com